```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

VERNON ERNEST ALFONSO, JR.              CIVIL ACTION

VERSUS                                  NO: 06-10005

STATE FARM INSURANCE CO.,               SECTION: "J" (1)
ET AL.
```

### ORDER AND REASONS

Before the Court is plaintiff's Motion to Remand. (Doc. 3.) The motion is opposed. For the following reasons the Court finds that the motion should be GRANTED.

### BACKGROUND

Plaintiff insured his home through defendant, State Farm Fire & Casualty Company. The home was destroyed by Hurricane Katrina in 2005. Plaintiff claimed that it was imploded by wind. State Farm denied coverage, contending that the property was destroyed by flood and not wind. Plaintiff sued State Farm and a local insurance agent Theresa Hollander in state court. Plaintiff asserts three claims against Ms. Hollander related to the procurement of insurance on his behalf, and two claims related to adjusting his claim after the loss.

State Farm removed the case to this Court based on diversity jurisdiction, claiming improper joinder of the local agent Ms. Hollander. Plaintiff seeks remand and attaches an affidavit swearing that he met with Ms. Hollander for advise and relied on her expertise for procurement of insurance to protect his property within the last three years. State Farm opposes by attaching an affidavit of Ms. Hollander that she did not procure plaintiff's policy and that she was only assigned to the policy on October 1, 2005 when the originating agent retired.

## LEGAL STANDARD

*Motion to Remand*

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Walmart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The removal statutes should be strictly construed in favor of remand. *Manguno v. Prudential Property and*

2

*Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

*Improper Joinder*

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant. *Id.* A mere theoretical possibility of recovery is not sufficient to preclude a finding of improper joinder. *Id.* A court should ordinarily resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the instate defendants. *Id.* Where a plaintiff has stated a claim, but has misstated or omitted discrete and undisputed facts that would preclude recovery, the Court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.* at 573-74.

The party seeking removal bears a heavy burden of proving improper joinder. *Id.* at 574. In determining the validity of an allegation of improper joinder, the district court must construe

factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

## DISCUSSION

To state a cause of action for breach of a procuring insurance agent's fiduciary duty, a plaintiff must show (1) an undertaking or agreement by the agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that he is properly insured. *Offshore Prod. Contractors, v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir. 1990) (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728, 730-731 (La. 1973)).

Louisiana law provides that an action, whether in tort or contract, against an insurance agent must be brought within one year of the "act, omission, or neglect" sued upon or within one year from the date the act or omission was or should have been discovered. La. R.S. § 9:5606.  Even in "discovered" cases, the suit must be filed within three years of the act or omission. *Id.* These periods are peremptive periods and cannot be renounced, interrupted, or suspended. *Id.*

4

From the face of the petition, it is not possible to tell when the policy was procured, or when plaintiff last engaged his insurance agent to insure his property, or what exactly he asked for that was not received.  From the face of the complaint it is possible that, within the last three years, Ms. Hollander told plaintiff he would be covered for flood damage and then never sent him the policy to alert him that flood damage was excluded from his coverage under his homeowner's policy.

Piercing the pleadings and considering the affidavits filed by the parties does not resolve the matter. The affidavit submitted by plaintiff and the affidavit submitted by Ms. Hollander are directly contradictory. Plaintiff's appears to be a boilerplate document (twice he refers to himself as "her"), and is notably lacking in detail, but it maintains the possibility of the claim created by the petition. Ms. Hollander testifies that she never procured an insurance policy for plaintiff before the house was destroyed. Ambiguous or contested factual allegations favor remand, and the Court is not authorized to resolve the factual dispute at this stage of the proceedings. Following remand, if defendants receive some pleading or other paper from which it may first be ascertained that the case is removable, then defendants may elect to remove based upon the new grounds. *See* 28 U.S.C. § 1446(b).

Accordingly,

**IT IS ORDERED** that plaintiff's Motion to Remand (Doc. 3) is **GRANTED**; the above-captioned action is hereby **REMANDED** to the court from which it was removed.

New Orleans, Louisiana this the 8th day of March, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE